IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| | ) | CV 122-085 |
| | ) | CV 122-089 |
| | ) | CV 122-094 |
| | ) | CV 122-095 |
| IN RE: JAMES LAMONT TAYLOR | ) | CV 122-105 |
| LITIGATION | ) | CV 122-106 |
| | ) | CV 122-107 |
| | ) | CV 122-113 |
| | ) | CV 122-114 |
| | ) | CV 122-115 |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

James Lamont Taylor, acting *pro se*, has filed ten complaints in this Court since July 11, 2022. Because Plaintiff is proceeding IFP in each of these cases, Plaintiff's amended complaints must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.     SCREENING THE AMENDED COMPLAINTS**

    **A.     PROCEDURAL HISTORY**

The Court previously identified numerous, fatal pleading deficiencies in all of the captioned civil cases and ordered Plaintiff to amend the complaints. Mr. Taylor submitted amended complaints in CV 122-105, CV 122-106, CV 122-113, and CV 122-114, but failed to do so in CV 122-107 and CV 122-115. All eight amended complaints suffer from the same deficiencies previously identified by the Court and should be dismissed. The remaining two civil

actions should be dismissed because Plaintiff failed to file an amended complaint in disregard of the Court's instructions.

B.  DISCUSSION

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"

Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Further, a claim is also frivolous where "it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Gary v. United States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)).  Stated otherwise, "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id.

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Eight Amended Complaints Should Be Dismissed as Impermissible Shotgun Pleadings

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of

3

any order of the Court"). Furthermore, although the Court gives a liberal construction to *pro se* pleadings, *pro se* litigants are nevertheless required to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.
>
> . . . .

> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court explained multiple times to Plaintiff his allegations were deficient. Mr. Taylor's first four amended complaints, CV 122-085, CV 122-089, CV 122-94, and CV 122-095, all complain of denial of credit and assert causes of action under 15 U.S.C. §§ 1602, 1662, 1681, 1691, and 1692. The four subsequent amended complaints, CV 122-105, CV 122-106, CV 122-113, and CV 122-114, also complain of denial of credit and assert causes of action under 15 U.S.C. §§ 1602 and 1691. In each of these amended complaints, Mr. Taylor does not connect his bare factual assertions to the cited statues.

While he invokes 15 U.S.C. § 1691, Mr. Taylor does not allege any violations of the statute, which prohibits certain forms of credit discrimination. He does not allege facts to suggest discrimination on the basis of a protected characteristic such as race, gender, or participation in a public assistance program. Instead, Mr. Taylor merely asserts he was plainly discriminated against because Defendants would not give him credit. Furthermore, Mr. Taylor fails to allege any violations of 15 U.S.C. § 1662, which regulates advertisements for extensions of consumer credit. Mr. Taylor never explains how any advertisement by any

5

Defendant violated the law. The other provisions Mr. Taylor cites as the basis of his many claims, 15 U.S.C. §§ 1602, 1681, and 1692, are definitions and statements of congressional intent.

Mr. Taylor's amended complaints are also shotgun pleadings and should be dismissed. See e.g., Ramos v. Katzman Chandler PA, 2021 WL 3140303 at *2-3 (11th Cir. 2021) (*per curiam*) (dismissing an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when Plaintiffs failed to make clear what conduct caused the alleged statutory violations ); see also Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1354-55, 59 (11th Cir. 2018) (holding district court should have dismissed an amended complaint "afflicted with the same defects" as the original shotgun complaint). Indeed, Plaintiff fails to provide any factual details to support his generalized allegations of wrongdoing, and he makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Liebman v. Deutsche Bank Nat'l Tr. Co., 462 F. App'x 876, 879 (11th Cir. 2012) (*per curiam*) (citation omitted). The lack of factual detail means the allegations are insufficient "to raise a right to relief about the speculative level." Frazile v. EMC Mort. Corp., 382 F. App'x 833, 837 (11th Cir. 2010) (*per curiam*) (affirming dismissal of RESPA claim where plaintiff did not allege sufficient facts to raise plausible claim and did not afford defendant fair notice of type of claim alleged).

The Eleventh Circuit has affirmed dismissal of a *pro se* complaint where a plaintiff fails to heed a court's instructions for re-drafting a complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Plaintiff's disregard of the Court's instructions has resulted in eight amended complaints that amount to little more than "an unadorned, the-defendant-

unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Such conclusory allegations will not suffice. See Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (Hall, C.J.).

As the Court has already given Plaintiff multiple opportunities to remedy his pleading deficiencies, to no avail, each of the eight amended complaints should be dismissed. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

### 3. Plaintiff's Complaints in CV 122-107 and CV 122-115 Should Be Dismissed for Failure to Follow a Court Order

The Court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc., 556 F.3d at 1240. The Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens, 331 F. App'x at 655.

Here, Plaintiff's failure to file an amended complaint in CV 122-107 and CV 122-115, or even to provide an explanation for his failure to comply with the Court's August 30th Order in those two cases, amounts not only to a failure to prosecute, but also an abandonment of the

7

case. The Court ordered Plaintiff to amend each of his complaints and warned that, if he failed to do so, the Court "will presume he desires to have that case voluntarily dismissed and will recommended dismissal of the action, without prejudice." (See CV-122-117, doc no. 4; CV-122-115, doc no. 4.) Thus, CV 122-107 and CV 122-115 should be dismissed without prejudice.

## II.     CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** CV 122-085, CV 122-089, CV 122-94, CV 122-095, CV 122-105, CV 122-106, CV 122-107, CV 122-113, CV 122-114, and CV 122-115 be **DISMISSED** without prejudice and that each of these civil actions be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of October, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA